J. S11009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                             :          PENNSYLVANIA

            v.             :

SAMUEL GLADDEN,            :      No. 1572 EDA 2015
                                             :
          Appellant      :


Appeal from the PCRA Order, May 14, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0430781-1992


BEFORE:  FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 16, 2016**

Samuel Gladden appeals, ***pro se***, from the May 14, 2015 order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following his convictions of second-degree murder and possession of an instrument of crime.[1] We reverse and remand for resentencing.

On May 18, 1993, a jury convicted appellant, who was 16 years old at the time of the offense, of second-degree murder and possession of an instrument of crime. On March 16, 1994, the trial court sentenced appellant to a mandatory sentence of life imprisonment without the possibility of parole. This court affirmed the judgment of sentence on September 26,

---

[1] 18 Pa.C.S.A. §§ 2502(b) and 907, respectively.

1995. *See Commonwealth v. Gladden*, 665 A.2d 1201 (Pa.Super. 1995) (*en banc*). The Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal on April 24, 1996. *See Commonwealth v. Gladden*, 675 A.2d 1243 (Pa. 1996).

On March 20, 1997, appellant filed his first petition pursuant to the PCRA. The trial court dismissed appellant's petition on December 15, 1997. Appellant filed a second PCRA petition on May 1, 2000, which the trial court dismissed as untimely on September 20, 2000. Appellant appealed the trial court's dismissal, which we affirmed on May 18, 2001. *See Commonwealth v. Gladden*, No. 2923 EDA 2000, unpublished memorandum (Pa.Super. filed May 18, 2001). The Supreme Court of Pennsylvania denied allowance of appeal on October 1, 2001. *See Commonwealth v. Gladden*, 788 A.2d 373 (Pa. 2001).

Appellant filed his third PCRA petition, which is at issue in the instant case, on July 2, 2010. On July 30, 2012, appellant filed an amended PCRA petition in response to the Supreme Court of the United States' decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). On December 17, 2013, appellant motioned for leave to supplement his petition for *habeas corpus* relief and filed an amended PCRA petition on that date. On June 24, 2014, the trial court notified appellant of its intent to dismiss his PCRA petition as untimely, pursuant to Pa.R.Crim.P. 907. The trial court dismissed

appellant's PCRA petition on May 14, 2015. Appellant filed a notice of appeal

on May 26, 2015.

Appellant raises the following issues for our review:

> I. Should review be granted to determine if the Court of Common Pleas deprived appellant his due process and equal protection rights when failing to accept appellant's writ of **habeas corpus** and a PCRA petition, violating the United States Constitution 8 and 14 Amendment [sic]; Pennsylvania Constitution, Article I, Section 13; United Nations Convention on the Rights of the Child Article 37[?]
>
> II. Should review be granted to determie [sic] if the Commonwealth Court of Common Pleas erred by allowing an unconstitutional sentence to stand which [is] a violation of Pennsylvania Constitution, Article I, Section 1, 9, 11, 13, 14, and the 25 [sic], also the United States Constitution, 8th and 14th Amendment [sic][?]

Appellant's brief at 3.

The trial court acknowledged that appellant,

> did not waive his **Miller** claim because he raised it within sixty days of the date that **Miller** was decided[. However, appellant] still had the burden of establishing that [the trial court] had jurisdiction to address his claim. **See Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa.Super. 2014). [Appellant] did not meet his burden because the Pennsylvania Supreme Court ruled that **Miller** did not create a new constitutional right that applies retroactively. **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), **cert. denied**, 134 S.Ct. 2724 (2014).

Trial court opinion, 5/14/15 at 2.

- 3 -

Indeed, at the time of the trial court's order and opinion dismissing appellant's PCRA petition, **Cunningham** controlled all **Miller** claims filed pursuant to the PCRA, and our supreme court found that **Miller** protections did not apply retroactively in Pennsylvania.[2] **Cunningham**, 81 A.3d at 11. While this appeal was pending in this court, however, the Supreme Court of the United States announced its decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). The **Montgomery** Court held that its decision in **Miller** "announced a substantive rule of constitutional law." **Id.** at 734. Specifically, the Court stated that, "**Miller**'s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution." **Id.** at 736.

In order to prevent such harm, the Court found that substantive rules, much like the rule announced in **Miller**, must be retroactive, "because [they] '"necessarily carr[y] a significant risk that a defendant"'--here, the vast majority of juvenile offenders--'"faces a punishment that the law cannot impose upon him.'" **Id.** at 734, quoting **Schriro v. Summerlin**, 542 U.S. 348, 352 (2004) (citations omitted). Therefore, **Cunningham**'s tenet that **Miller** cannot be applied retroactively is no longer good law in Pennsylvania.

---

[2] In **Miller**, the Supreme Court of the United States held that mandatory sentences of life imprisonment without the possibility of parole for juvenile offenders violated the Eighth Amendment. **Miller**, 132 S.Ct. at 2469.

A recent panel of this court analyzed the further implications of *Montgomery* on Pennsylvania case law.

> We now turn our attention to the implications arising from [***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 502 (Pa.2002)], (holding: "[T]he language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination **must exist at the time that the petition is filed**") (emphasis added).
>
> The instant case represents an example of the unique situation implicating those PCRA petitions seeking ***Miller*** relief which were filed in the time gap following ***Miller*** but before ***Montgomery***. . . . When Appellant filed his petition, the various jurisdictions were still trying to decide if ***Miller*** was available on collateral review but were doing so without the benefit of ***Montgomery***. Appellant's petition was ultimately decided under ***Cunningham***, *supra* and denied. We recognize that similar "gap" cases are in the appellate system awaiting disposition . . . .
>
> Therefore, we now hold that the best resolution of this dilemma is to interpret ***Montgomery*** as making retroactivity under ***Miller*** effective as of the date of the ***Miller*** decision. In this way, we satisfy the "has been held" conditional language enunciated in ***Abdul–Salaam***, *supra*.

***Commonwealth v. Secreti***, 2016 WL 513341 (Pa.Super. 2016) at *5-6 (citations reformatted).

As a result, appellant has proven by a preponderance of the evidence that the right he is asserting is a constitutional right recognized, in this case, by the Supreme Court of the United States to apply retroactively. The trial court sentenced appellant, who was 16 years old at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of

parole. In light of the Supreme Court's recognition in *Miller* that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of *Miller* in *Montgomery*, we reverse the trial court's order and remand for re-sentencing.

Order reversed; case remanded for resentencing. Appellant's motion for extraordinary relief is denied for mootness. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016